**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EDWARD REINHART,**

                        **Plaintiff,**

    vs.                                            **1:11-cv-00809**
                                                          **(MAD/DRH)**

**CITIMORGAGE, INC.**
*also known as CitiMortgate, Inc.,*
**JOHN DOES 1-10**

                        **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**EDWARD REINHART**
698 County Route 353
Rensselaerville, New York 12147
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On July 14, 2011, Plaintiff *pro se* filed a complaint against Defendants. *See* Dkt. No. 1. Plaintiff, however, never served Defendants and they have not otherwise appeared in this action. On November 18, 2011, Plaintiff was granted an extension of time to complete service of the complaint and was ordered to serve the complaint on or before January 15, 2012. Plaintiff has failed to file with the Court any proof of service on the named Defendants.

On February 23, 2012, Magistrate Judge Homer issued a Report-Recommendation and Order recommending that the Court dismiss Plaintiff's complaint, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil procedure for failure to complete service of process within 120 days and pursuant to Local Rule 41.2(a) for Plaintiff's failure to taken any action in this case in four (4) months. *See* Dkt. No. 5 at 1-2. Plaintiff did not object to Magistrate Judge Homer's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Homer's February 23, 2012 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Homer correctly

2

recommended that the Court should dismiss Plaintiff's complaint, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 41.2(a). *See Harper v. City of New York*, 424 Fed. Appx. 36, 39-40 (2d Cir. 2011).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Homer's February 23, 2012 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 5, 2012
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge